

KC **FILED**

UNITED STATES DISTRICT COURT    MAY 0 1 2007
NORTHERN DISTRICT OF ILLINOIS   MICHAEL W. DOBBINS
EASTERN DIVISION                CLERK, U.S. DISTRICT COURT

Delores Bardley
15135 Sunset Drive
Dolton, IL 60419
    Plaintiff,

v.

Bureau of Collection Recovery, Inc.
7575 Corporate Way
Eden Prairie, MN, 55344
    Defendants.

07CV2404
JUDGE LEFKOW
MAGISTRATE JUDGE KEYS

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a debt as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. Defendant has been contacting Plaintiff for many months.

10. On a date significantly before March 8, 2007, Defendant contacted Plaintiff at work.

11. During this conversation, Plaintiff advised Defendant that it was not permitted to receive telephone calls at work.

12. On a date before March 8, 2007, Plaintiff retained Legal Helpers, P.C. for assistance with her debt.

13. On March 8, 2007, Defendants contacted Plaintiff at work, again, and, again, Plaintiff advised Defendant that it was not permitted to receive calls at work. Plaintiff additionally notified the Defendant that it had retained Legal Helpers, P.C. to file a Bankruptcy, provided her record number with the firm, and the firm's telephone number and website address.

14. On March 8, 2007, Plaintiff contacted her attorneys and advised on the continued harassment.

15. On March 14, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

16. On March On March 15, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

17. On March 17, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

18. On March 20, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

19. On March 21, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

20. On March 27, 2007, Defendant contacted Plaintiff, despite receiving her attorney information.

21. In March, 2007, Defendants left a message for Plaintiff at work. This message was overheard by Plaintiff's secretary, Ella Frazier, and disclosed that Plaintiff owed a debt.

22. Defendant Violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692 by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it continued, on multiple occasions, to contact Plaintiff notwithstanding the fact that the defendant was told by the Plaintiff they were represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that their actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

33. Defendant has damaged Plaintiff mentally and emotionally and has caused a great degree of anxiety and stress.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip
Attorney for Plaintiff
c/o Jeffrey S. Hyslip
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156